J-S39045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLARK EMMANUEL MEAD, JR., | : | |
| | : | |
| Appellant | : | No. 1995 MDA 2017 |

Appeal from the PCRA Order December 7, 2017
in the Court of Common Pleas of Schuylkill County,
Criminal Division at No(s):  CP-54-CR-0000306-2012

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:            **FILED OCTOBER 12, 2018**

Clark Emmanuel Mead, Jr. ("Mead"), *pro se*, appeals from the Order dismissing his third Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On June 5, 2012, a jury found Mead guilty of six counts each of involuntary deviate sexual intercourse and indecent assault, and two counts each of corruption of minors and endangering the welfare of children.[1]  On September 27, 2012, the trial court sentenced Mead to an aggregate of 27½ to 55 years in prison.  Mead was also classified as a sexually violent predator ("SVP"), and was ordered to comply with the registration requirements under Pennsylvania's Sex Offender Registration and Notification Act ("SORNA"), **see** 42 Pa.C.S.A. §§ 9799.10-9799.41.  This Court affirmed Mead's judgment of

---

[1] 18 Pa.C.S.A. §§ 3123, 3126, 6301, 4304.

sentence, after which our Supreme Court denied allowance of appeal on July 2, 2014. ***Commonwealth v. Mead***, 93 A.3d 509 (Pa. Super. 2013) (unpublished memorandum), ***appeal denied***, 94 A.3d 1009 (Pa. 2014).

On July 1, 2015, Mead filed his first PCRA Petition which the PCRA court denied. This Court affirmed the denial. ***Commonwealth v. Mead***, 156 A.3d 334 (Pa. Super. 2016) (unpublished memorandum). Mead filed a second PCRA Petition, which the PCRA court dismissed as untimely filed, on November 30, 2016. This Court affirmed the dismissal on July 18, 2017, and our Supreme Court denied allowance of appeal on February 14, 2018. ***Commonwealth v. Mead***, 175 A.3d 395 (Pa. Super. 2017) (unpublished memorandum), ***appeal denied***, 181 A.3d 1077 (Pa. 2018).

On September 6, 2017, while the appeal of the second PCRA Petition was pending, Mead filed the instant PCRA Petition, his third. The PCRA court filed a Pa.R.Crim.P. 907 Notice of Intent to Dismiss Mead's third PCRA Petition on November 17, 2017, stating that it could not entertain Mead's Petition while the second Petition was pending on appeal. On December 7, 2017, the PCRA court dismissed the Petition. Mead filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement.

On appeal, Mead raises the following question for our review:

> Did the PCRA Court err in dismissing his PCRA Petition without a hearing, as [Mead's] claim did not involve a challenge to his conviction or sentence; particularly in light of recent decisions by our Supreme Court of Pennsylvania ([***Commonwealth v.***] ***Muniz***, [164 A.3d 1189 (Pa. 2017)], and Superior Court of Pennsylvania ([***Commonwealth v.***] ***Rivera-Figueroa***, [174

A.3d 674 (Pa. Super. 2017),] which entitled [Mead], in the collateral context, to have the retroactive applications [*sic*] of [SORNA] reversed or vacated in his case, including the classification as a [SVP], as the PCRA was the only available venue to petition the court in seeking relief?

Brief for Appellant at 1-2.

Our Supreme Court has held that "when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) (footnote omitted). The **Lark** Court further held that while review of the prior PCRA petition is pending, a PCRA court does not have jurisdiction to adjudicate any issue raised in a subsequent PCRA petition. **See id.**; **cf. Commonwealth v. Montgomery**, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc*) (stating that "nothing bars a PCRA court from considering a subsequent petition, even if a prior petition is pending, *so long as the prior petition is not under appellate review*." (emphasis added)).

At the time Mead filed his third Petition, an appeal was pending from the dismissal of his second PCRA Petition. Thus, under Pennsylvania law, the PCRA court lacked jurisdiction to entertain the third Petition. **See Lark,**

- 3 -

*supra*.  Accordingly, the PCRA court properly dismissed the third Petition.[2]

Order affirmed.

---

[2] In his untimely third Petition, Mead invokes the newly-recognized constitutional right timeliness exception, arguing that our Supreme Court's decision in *Muniz*, 164 A.3d at 1193 (holding that the registration requirements set forth under SORNA constitute criminal punishment as opposed to a civil penalty and therefore, their retroactive application violates the Ex Post Facto clause of the United States and Pennsylvania Constitutions), rendered his registration requirement unconstitutional.  *See* Brief for Appellant at 8.  Our Court recently addressed a similar claim and concluded that *Muniz* does not properly invoke the newly-recognized constitutional right exception:

> Here, we acknowledge that **this Court** has declared that "*Muniz* created a substantive rule that retroactively applies in the collateral context." [*Rivera-Figueroa*, 174 A.3d at 678]. However, because [a]ppellant's PCRA petition is untimely (unlike the petition at issue in *Rivera-Figueroa*), he must demonstrate that the **Pennsylvania Supreme Court** has held that *Muniz* applies retroactively in order to satisfy section 9545(b)(1)(iii). [*See* 42 Pa.C.S.A. § 9545(b)(1)(iii).]  Because at this time, no such holding has been issued by our Supreme Court, [a]ppellant cannot rely on *Muniz* to meet that timeliness exception.

*Commonwealth v. Murphy*, 180 A.3d 402, 405-06 (Pa. Super. 2018) (emphasis in original).  However, "if the Pennsylvania Supreme Court issues a decision holding that *Muniz* applies retroactively, [Mead] can then file a PCRA petition, within 60 days of that decision, attempting to invoke the 'new retroactive right' exception of section 9545(b)(1)(iii)."  *Id.* at 406 n.1.  Further, to the extent Mead invokes the newly-recognized constitutional right exception with *Commonwealth v. Butler*, 173 A.3d 1212, 1217-18 (Pa. Super. 2017) (holding that 42 Pa.C.S.A. § 9799.24(e)(3) to be unconstitutional under *Muniz* because it required only a finding of clear and convincing evidence that an offender was a sexually violent predator), we conclude that the Supreme Court has not held that *Butler* applies retroactively to cases pending on collateral review.  *See* 42 Pa.C.S.A. § 9545(b)(1)(iii).  As noted above, if the Supreme Court issues a decision holding that *Butler* applies retroactively, Mead may file a PCRA petition within 60 days of that decision.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/12/2018</u>